UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL D. MATOS, | : | Civil No. 05-2666 (FLW) |
| Plaintiff, | : | |
| v. | : | OPINION |
| BONNIE GELLER GORMAN, et al., | : | |
| Defendants. | : | |

**APPEARANCES**

    MICHAEL D. MATOS, #517357, pro se
    Mercer County Jail
    593 Chestnut Avenue
    Trenton, New Jersey  08611

**WOLFSON**, District Judge:

Plaintiff Michael D. Matos, who is confined at Mercer County Jail, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Having thoroughly reviewed Plaintiff's allegations to identify cognizable claims, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**I.  BACKGROUND**

Plaintiff sues Public Defenders Bonnie Geller Gorman and Anne Manning, and the Office of the Public Defender.  He complains that Bonnie Geller Gorman, a Public Defender assigned to represent him in a criminal proceeding, provided inadequate representation.  He asserts that she

---

[1] Because Plaintiff is a prisoner, the Prison Litigation Reform Act requires the Court to assess the $250.00 filing fee against Plaintiff and to collect the fee by directing the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b).

misrepresented his interests, inadequately prepared his case, and recommended outcomes outside the norm.  He further alleges that she failed to give him a copy of the grand jury minutes prior to negotiation of the plea agreement.  He asserts that the plea agreement he accepted under pressure is more severe than similar cases in the county.  He alleges that Defendant Anne T. Manning, Gorman's supervisor, was aware of the situation and did not correct it.  Plaintiff seeks a retrial or to renegotiate the plea agreement.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002)

(quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.[2]  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's federal claims against Public Defenders Gorman and Manning fail as a matter of law because these Defendants were not acting under color of state law.  "Although a private [person] may cause a deprivation of . . . a right, [she] may be subjected to liability under § 1983

---

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

3

only when [she] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)).  In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, though paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  See also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982) (private attorney representing criminal defendant under court appointment is not acting under color of state law).  Here, Plaintiff seeks damages and injunctive relief against Defendants for providing constitutionally inadequate representation in a criminal proceeding.  Because the acts and omissions complained of concern the traditional functions of a criminal defense attorney, these Defendants were not acting under color of state law and the Complaint fails to state a claim under 42 U.S.C. § 1983 against them.[3]

## IV.  CONCLUSION

For the reasons set forth above, the Court grants in forma pauperis status dismisses the Complaint.

    s/Freda L. Wolfson
    FREDA L. WOLFSON, U.S.D.J.

Dated:   June 24, 2005

---

[3] Moreover, Plaintiff's requests for a retrial and to renegotiate the plea agreement are barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which forbids federal court interference in state criminal proceedings.